IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:24-cv-00093 |
| v. | § § | |
| PEACEFUL GARDENS MEMORIAL PARK, INC., BRETT ASSITER, NORA ABREO, ROSA ABREO, NOAH ABREO, AND JOSHUA ABREO | § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Acuity, a Mutual Insurance Company ("Acuity" or "Plaintiff") files its Original Complaint for Declaratory Judgment and respectfully shows the Court the matters set forth below:

**I.
PARTIES**

1.      Acuity is a mutual insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Sheboygan, Wisconsin. Acuity is therefore a citizen of Wisconsin for purposes of diversity jurisdiction.

2.      Defendant Peaceful Gardens Memorial Park, Inc. dba Peaceful Gardens Memorial Park ("Peaceful Gardens") is a Texas corporation with its principal place of business located at in Lubbock, Texas, and is therefore a citizen of Texas for purposes of diversity jurisdiction. Peaceful Gardens can be served through its registered agent: Brett Assiter at 15602 Loop 493, Lubbock, TX 79423 or wherever he may be found.

3.     Defendant Brett Assiter ("Assiter") is an individual citizen of Texas domiciled in Lubbock, Texas, and is therefore a citizen of Texas for purposes of diversity jurisdiction. Brett Assiter can be served at 15602 Loop 493, Lubbock, TX 79423 or wherever he may be found.

4.     Defendant Rosa Abreo is an individual citizen of Texas domiciled in Lubbock, Texas, and is therefore a citizen of Texas for purposes of diversity jurisdiction. Rosa Abreo can be served at 101 Uvalde Ave., Lubbock, Texas 79415 or wherever she may be found.

5.     Defendant Nora Abreo is an individual citizen of Texas domiciled in Lubbock, Texas, and is therefore a citizen of Texas for purposes of diversity jurisdiction. Nora Abreo can be served at 101 Uvalde Ave., Lubbock, Texas 79415 or wherever she may be found.

6.     Defendant Noah Abreo is an individual citizen of Texas domiciled in Lubbock, Texas, and is therefore a citizen of Texas for purposes of diversity jurisdiction. Noah Abreo can be served at 1921 15th St., Lubbock, Texas 79401 or wherever he may be found.

7.     Defendant Joshua Abreo is an individual citizen of Texas domiciled in Lubbock, Texas, and is therefore a citizen of Texas for purposes of diversity jurisdiction. Joshua Abreo can be served at 101 Uvalde Ave., Lubbock, Texas 79415 or wherever he may be found.

8.     Defendants Rosa Abreo, Nora Abreo, Noah Abreo and Joshua Abreo are collectively referred to as the "Abreos."

## II.
## JURISDICTION AND VENUE

9.     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Acuity and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

10.    The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201. An actual and substantial controversy exists between the

parties. By this action Acuity seeks a declaration that it has no duty to defend or indemnify Peaceful Gardens or Assiter in an underlying lawsuit arising from the alleged burial of decedent Noe B. Abreo in an incorrect burial plot. In the underlying lawsuit, the plaintiffs allege they are seeking damages in excess of $1,000,000.

11. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

### III.
### FACTUAL BACKGROUND

<u>The Acuity Policy</u>

12. Acuity issued package policy no. ZG3273 to Peaceful Gardens, effective August 10, 2020 to August 10, 2021 that contained a Commercial General Liability Coverage Part Form. The policy was renewed effective August 10, 2021 to August 10, 2022 and August 10, 2022 to August 10, 2023. The Commercial General Liability Coverage Part Form of the policy effective August 10, 2022 to August 10, 2023 is the subject policy (the "Policy") implicated in this matter.

13. The Commercial General Liability Coverage Part Form of the Policy contains the following pertinent provisions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury or property damage* to which this insurance applies. We will have the right and duty

>  to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury* or *property damage* to which this insurance does not apply. . . .

14. The Commercial General Liability Coverage Part Form of the Policy is modified by an Exclusion – Funeral Services endorsement (CG-2156F (7-98)) (the "Funeral Services Exclusion") that provides:

> The following exclusion is added to paragraph 2, Exclusion, of Section I – Coverage A – Bodily Injury and Property Damage Liability and Section I – Coverage B – Personal and Advertising Injury Liability:
>
> This insurance does not apply to *bodily injury*, *property damage*, or *personal and advertising injury* arising out of errors or omissions in the handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

15. The Funeral Services Exclusion was listed in the "Forms and Endorsements" on the quote for the Commercial General Liability Coverage Part that was provided by Acuity in 2020 when the original policy was being procured and was included in the "Forms and Endorsements" on the quotation for the Commercial General Liability Coverage Part that was provided by Acuity for each of the subsequent renewal policies, including the Policy.

16. The Funeral Services Exclusion was included in package policy no. ZG3273 issued to Peaceful Gardens, effective August 10, 2020 to August 10, 2021.

17. The Funeral Services Exclusion was included in package policy no. ZG3273 issued to Peaceful Gardens, effective August 10, 2021 to August 10, 2022.

18. The Funeral Services Exclusion has been continually included on each Commercial General Liability Coverage Part provided to Peaceful Gardens since the inception of policy no. ZG3273 in August 2020.

The Underlying Lawsuit

19. On March 18, 2024, the Abreos filed the Lawsuit against Peaceful Gardens and Assiter. In the Lawsuit, the Abreos (referred to in the Lawsuit as "Plaintiffs") allege:

### D.
### MATERIAL FACTS

9. Noe B. Abreo died on November 20, 2022, survived by Plaintiffs.

10. At the time of his death, Noe was a member of the Primera Iglesia Bautista Church in Lubbock. The Senior Deacon Rufus Martinez, now deceased, conducted his graveside funeral service.

11. Beatrice Escamilla, a family friend, had originally purchased three plots from Peaceful Gardens cemetery, which she had gifted to the Noe B. Abreo family in September 2007. This gift was made with defendants' knowledge and consent.

12. Rosa, acting on behalf of herself and the Plaintiffs, signed the Cemetery Purchase Agreement with Peaceful Gardens Cemetery, November 22, 2022, for services that included opening, closing, and preserving the grave in Peaceful Gardens Cemetery, owned and operated by defendants.

***

14. The Plaintiffs relied upon defendants' representations that the lots and block designations provided in the said Contract were the same that Rosa gifted on the Cemetery grounds.

   a. On or about May 2023, Rosa and/or family members realized, to their shock and horror, that Noe's body had been laid to rest in the wrong space (space 305 instead of space 306-1). Upon notification of the wrongful interment, defendants notified Rosa and the other Plaintiffs that Noe's body would need to be moved to the proper location, thus disturbing Noe's eternal rest. Rosa and family would never have known of the negligent interment if they had not bought the marker and had it set in the proper space, which was not where Noe's body was interred.

15. Thereafter, Rosa and the other Plaintiffs visited the cemetery and discovered, to their shock and horror, that Noe had indeed been interred in the wrong plot and would have to be moved to the correct location.

***

16. At all times relevant herein, upon information and belief, the defendants failed to ensure that Noe was buried in the proper space by failing to inform

themselves, by a certified ground survey, or by other reliable means of the accurateness of its representations in the following particulars:

    a.    As to the location of its burial plots in general, or

    b.    As to whether those plots were occupied, or not and, specifically,

    c.    As to the location and ownership of the burial plot in question.

    d.    Upon information and belief defendants were negligent in their failure to properly ascertain the location of the proper burial plot before opening and closing, and by allowing the internment of Noe's body in the wrong location.

    e.    By the time of Noe's funeral, defendants should have known that their failure to properly ascertain the correct plot would foreseeably damage Plaintiffs, ultimately prolonging their grief and sorrow instead of providing closure and a best last memory.

    f.    Also, at the time of the funeral, defendants knew of should have known that their failure either to keep an accurate survey, or retain or generate other records customary in the cemetery business upon which to warrant to Rosa and the other Plaintiffs that Noe's burial plat was correctly located, would cause mental anguish and prolong their sorrow and grief.

20.    Based on the foregoing alleged facts, causes of action are asserted for breach of fiduciary duty, negligence, breach of contract and mishandling of a corpse by wrongful interment.

The Request for Defense

21.    Before the Underlying Lawsuit was filed, the Abreos, through their counsel, made a pre-suit demand to Peaceful Gardens dated November 3, 2023. Per the request in the letter, Peaceful Gardens tendered the demand to Acuity on November 14, 2023.

22.    On November 17, 2023, Acuity sent a letter to Peaceful Gardens advising that the claims asserted in the demand letter fell outside the coverage of the Policy. Acuity noted, among other things, that the Funeral Services Exclusion would appear to preclude coverage for the conduct described in the demand letter.

23. After Peaceful Gardens was served with the Underlying Lawsuit, it tendered the Underlying Lawsuit to Acuity.

24. On April 4, 2024, Acuity sent a letter to Peaceful Gardens dated April 3, 2024, denying and disclaiming any obligation to provide coverage to Peaceful Gardens or Assiter in connection with the Underlying Lawsuit. Acuity noted that because all of the damages in the Underlying Lawsuit arise from an alleged error in the burial of the dead body of Noe B. Abreo, there is no duty to defend either Peaceful Gardens or Assiter in the Underlying Lawsuit because the Funeral Services Exclusion precludes coverage. Acuity further noted that given the nature of the claims, the application of the Funeral Services Exclusion would also necessarily preclude a duty to indemnify for any amounts paid to settle the claims asserted in the Underlying Lawsuit or to satisfy any judgment that may be entered in the Underlying Lawsuit.

25. On April 5, 2024, counsel for Peaceful Gardens and Assiter sent a letter to Acuity noting Acuity's prior denial letter, but again insisting that Acuity provide a defense for Peaceful Gardens and Assiter in the Underlying Lawsuit.

26. Because Peaceful Gardens and Assiter are continuing to assert that coverage is provided for the Underlying Lawsuit, despite the application of the Funeral Services Exclusion, Acuity now seeks a declaratory judgment that under the terms of the Policy, there is no duty to defend Peaceful Gardens or Assiter against the claims asserted in the Underlying Lawsuit and the same reasons that preclude a duty to defend also preclude a duty to indemnify.

27. The Abreos are potential judgment creditors and accordingly are proper parties to join in this declaratory judgment action to ensure that any judgment entered on coverage will be binding on them.

## IV.
## DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY

28. Acuity incorporates by reference the allegations stated above.

29. The Policy includes a Funeral Services Exclusion that precludes coverage for injury and damages "arising out of errors or omissions in the . . . burial . . .of dead bodies." The damages sought in the Underlying Lawsuit all arise out of Peaceful Gardens' alleged error in burying the dead body of Noe Abreo in the incorrect location. Accordingly, the Funeral Services Exclusion precludes a duty to defend Peaceful Gardens and Assiter in the Underlying Lawsuit. Given the nature of the claims asserted, the same reasons that negate the duty to defend likewise negate any possibility Acuity will have a duty to indemnify.

30. Therefore, Acuity seeks a declaratory judgment by this Court that Acuity has no duty to defend or indemnify Peaceful Gardens or Assiter in the Underlying Lawsuit.

## V.
## PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff Acuity, A Mutual Insurance Company respectfully requests judgment against Defendants Peaceful Gardens Memorial Park, Inc. dba Peaceful Gardens Memorial Park, Brett Assiter, Nora Abreo, Rosa Abreo, Noah Abreo and Joshua Abreo as follows:

1. A declaration that Acuity, A Mutual Insurance Company has no duty to defend or indemnify Peaceful Gardens Memorial Park, Inc. dba Peaceful Gardens Memorial Park or Brett Assiter in the Underlying Lawsuit under the Policy;

2. Costs of court, prejudgment and post-judgment interest as allowed by law; and

3. Such other and further relief as to which Acuity may show itself justly entitled.

        Respectfully submitted,

        */s/ Marcie L. Schout*
        MARCIE L. SCHOUT
        State Bar No. 24027960
        TORIE ABBOTT
        State Bar No. 24115929
        **QUILLING, SELANDER, LOWNDS,**
        **WINSLETT & MOSER, P.C.**
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)
        mschout@qslwm.com
        tabbott@qslwm.com

        **ATTORNEYS FOR PLAINTIFF**
        **ACUITY, A MUTAL INSURANCE COMPANY**